## MANCHESTER'S PETITION.

*After a petition for the discontinuance of a highway has been referred to the road commissioners without objection, and there has been a report thereon, it is too late to take the exception that no legal vote has been passed by the town or city discontinuing the highway.*

*A default, after notice, on a petition for the discontinuance of a highway, admits the truth of the allegations stated in the petition.*

PETITION of the city of Manchester for leave to discontinue a highway. On the filing of the petition, notice was given to all persons interested, by publication, agreeably to the order of the court. No party appeared to oppose it, and the petition was duly referred to the road commissioners. A report was made by them to the court of common pleas, and O. Jackson then appearing and objecting to the acceptance of the report, on account of certain defects therein, it was recommitted to the road commissioners, and a new report, the one now under consideration, was made at a subsequent term of the common pleas.

To this last report Jackson objected, and contended that no judgment could be entered thereon for the city, on the ground that no vote had been properly passed by the city for the discontinuance of the highway; and he offered evidence in support of his objection. The petioners objected to the reception of such evidence, and to the allowance of the objection, on the ground that it should have been made before the reference of the petition to the road commissioners, and that it was then too late to make the objection.

The evidence offered showed that the vote for the discontinuance of the highway was duly passed by the two branches of the city government, at the regular and stated meetings thereof, but there was no previous call of the meetings for the purpose of acting on the subject, or notice given that it would be acted on at those meetings.

The questions presented by the parties were transferred to this court for determination.

In the argument of the case, the parties were permitted to refer to the several votes of the city government, as presented by copies from the city clerk.

*Clarke & Bell,* for Jackson.

At a meeting of the mayor and aldermen, September 3d, 1850, " Alderman Baker presented a resolution discontinuing an old highway, which was read a first time."

" On motion of alderman Baker, resolved that the rules be so far suspended that the said resolution be read a second time and pass at the present time. Read a second time and passed. Sent down for concurrence."

At a meeting of the common council, September 10th, 1850, a message was received from the board of aldermen, in which it was stated that " they have passed a resolution entitled a resolution discontinuing an old highway, and ask their concurrence."

" The resolution for discontinuing an old highway, sent down by the board of aldermen, was read." " On motion of Mr. Currier, the resolution was read a second time." " On motion of Mr. Morse, resolved that it pass."

The foregoing is the action of the city in relation to the discontinuance of the highway.

" Any town, at a legal meeting, *holden for the purpose,* may discontinue any highway in such town." Com. Stat. ch. 145, § 1.

" All the powers now vested by law in the town of Manchester, or in the inhabitants thereof, as a municipal corporation, shall be vested in the city council, composed as provided in the second section, (mayor and aldermen and city council,) and shall be exercised by concurrent vote, each board having a negative on the other." City Charter, § 14.

Now, our objection to the acceptance of the report, is, that the meetings of the mayor and aldermen, and of the

common council, were not holden for the purpose of discontinuing the highway, nor any notice given beforehand that a resolution would be introduced in relation thereto. The resolution was passed at each board on the same day it was introduced.

Such action would be insufficient in a town, and the charter gives the city no more power than a town in this respect.

But it is said that this objection comes too late; that it should have been made at the time of the filing of the petition. To which we reply that this is not an objection to the form of the petition, or to the legality of the notice, but reaches to the jurisdiction of the court. The court can have no power until there has been legal action on the part of the city. It is difficult for us to see how the laches of a party can give jurisdiction. The argument comes to this, that if the objection had been seasonably taken, it would have ousted the court of jurisdiction; but that laches will give jurisdiction.

The case of *Stevens* v. *Goffstown*, differs from this. The records in this case show that the common pleas had no jurisdiction; whereas in that case the papers showed that the court had jurisdiction.

*Cross*, for the city.

In towns no legal meeting can be holden for the transaction of town business, except by a warrant to the inhabitants, posted up fifteen days prior to the day of meeting, specifying the subjects to be acted upon. This is to give the voters notice so that they may be present and act upon the subjects presented by the warrant. All of the voters in towns are legislators for certain purposes.

In a city the form of government is changed. The powers vested " in the towns, or in the inhabitants thereof," are transferred to the city council. The towns could only act when the inhabitants thereof were duly called together by

a warrant. The city council meet under the charter on the third Tuesday of March. The laws of the State make that a legal meeting, and all subsequent meetings, except special meetings called by the mayor, are only adjournments of this meeting in March. Private Acts, ch. 384.

The city council pass resolutions and make laws under the charter as the legislature under the constitution. We contend, therefore, that under a city organization, to make the vote by the city council legal to discontinue a highway, it is not necessary that any previous notice be given, or that the city council be called together for the special purpose of voting to discontinue such highway.

The meeting of the aldermen on the third of September, 1850, was a legal meeting, and that of the common council on the 10th of September, 1850, was also legal; and the resolution was legally passed by a concurrent vote.

We say, in the second place, that it is now too late to take the exception raised by the other side. The objection should have come before the petition to discontinue had been referred to the road commissioners, and before the city had been to the expense of a hearing before the commissioners. After the petition had been referred to the commissioners without objection, the court had jurisdiction of the case. The case of *Stevens* v. *Goffstown*, 1 Foster's Rep. 458, is conclusive as to this point.

EASTMAN, J. In *Stevens* v. *Goffstown*, 1 Foster's Rep. 454, 459, it was said and substantially held, that after a report has been made upon the reference of a petition, every proper presumption is to be made in favor of the regularity of the prior proceedings; and that the court will not depart from the records and papers on file, and go into an examination of extraneous matters going to affect the preliminary proceedings; that so long as their records and files show that they have jurisdiction of the subject matter, they will

not go beyond them and consider matters that are unseasonably brought into court.

The principles adopted in that case have been applied to the decisions of several cases that have since come before us, and must be regarded as settling the question at bar.

The petition for the discontinuance of this road appears to have been in due form, and the record showing the vote of discontinuance well enough. No exception has been taken to either; or to the sufficiency of the notice of the pendency of the petition. The preliminary proceedings before the court were regular, and so far as the record shows, legal; and the court upon the face of the papers had full jurisdiction of the case.

But the objection is now taken that the court have not jurisdiction of the case, because the meetings of the aldermen and common council of the city were not holden for the purpose of discontinuing the highway, nor any notice given before hand that a resolution would be introduced in relation thereto. Such is the statement of the position in the argument. It is, in effect, that no legal vote has ever been passed for the discontinuance of the highway. But that question cannot now be considered. Having jurisdiction of the case, as its records show, the court will not, at this late day, after a second report has been made upon the application, go beyond those records and consider matter preliminary to the reference of the petition, which should have been brought to their notice, if intended to be relied upon, before the petition was first referred to the commissioners.

A default, after notice, on the petition for the discontinuance of a highway, has the same effect upon the previous proceedings and the sufficiency of the petition, as a default in other legal proceedings. After the default, all the allegations in the petition and the regularity of the same will be taken as true. The default admits their truth in the

same manner that the allegations in a writ are admitted by a default.

Without, then, considering the question whether it was necessary to have previous notice given, stating the purpose of the meeting, at which the vote of discontinuance was passed by the city government, we think that the exceptions taken to the acceptance of the report must be overruled for the reasons stated; and that there must be,

*Judgment on the report.*